1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10
11

MARIA HERNANDEZ,

Case No.:  23-CV-1759 TWR (KSC)

12

Plaintiff,

13

v.

**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, AND (2) REMINDING PARTIES OF THEIR OBLIGATIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11 AND 18 U.S.C. § 1621(2)**

14

OFFICER JOSEPH CABRALES,

15

Defendant.

16
17
18
19
20

(ECF No. 7)

21
22

Presently before the Court are Defendant Officer Joseph Cabrales's Motion to Dismiss Plaintiff's Complaint ("Mot.," ECF No. 7) and Plaintiff Maria Hernandez's Response ("Opp'n," ECF No. 10).  Defendant elected not to file a reply.  (*See generally* Docket.)  The Court vacated the hearing and took the Motion under submission on the papers pursuant to Civil Local Rule 7.1(d)(1).  (*See* ECF No. 12.)  Having carefully considered Plaintiff's Complaint ("Compl.," ECF No. 1), the Parties' arguments, and the relevant law, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion, as follows.

23
24
25
26
27
28

# BACKGROUND[1]

At approximately 1:15 p.m. on November 3, 2022,[2] the brakes on Plaintiff's recently purchased used car failed, causing her to "slightly scrape another vehicle that was close by it on Iris Ave. of the city of San Ysidro, County of San Diego." (*See* Compl. at 4.) Defendant arrived on the scene approximately 15 minutes later at 1:30 p.m., and asked Plaintiff whether she had consumed any alcoholic beverages or other medication or substances that may have impeded her ability to operate her vehicle. (*See id.*) Plaintiff responded that she had not and explained that her brakes had malfunctioned. (*See id.* at 4–5.)

Nonetheless, Defendant—acting "very disrespectful[ly]" and "hyper abusive physically and psychologically"—ordered Plaintiff to exit her vehicle and perform field sobriety tests. (*See id.* at 5.) Plaintiff passed the tests, but Defendant insulted her and "forcefully grab[bed] her by her right arm and . . . push[ed] her to the police vehicle and . . . press[ed] his big body to her small 4-foot 9-inch frame[,] obstructing her airways for a considerable amount of time." (*See id.*) Not only was this witnessed by several bystanders, but Plaintiff's "two young children were also watching and crying and yelling to Officer Cabrales to please cease this physical and psychological abuse to their mother." (*See id.*)

Defendant handcuffed Plaintiff and ignored her repeated pleas to loosen them. (*See id.* at 5–6.) Defendant then took her to the police station, where he "push[ed] her in[to] the

---

[1]   Defendant's Motion introduces a number of facts not contained in Plaintiff's Complaint based on Defendant's body-worn camera footage that cannot properly be judicially noticed or incorporated by referenced. (*See* ECF No. 7-1 ("Mem.") at 2–4.) But as Defendant himself recognizes, (*see id.* at 4), at this stage in the proceedings, the Court "must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn from them," and construe Plaintiff's Complaint "in the light most favorable to the plaintiff." *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). Accordingly, the Court limits the Background to the facts as alleged in Plaintiff's Complaint.

[2]   Although Plaintiff's Complaint alleges that the underlying events occurred on November 3, 2023, the Court assumes that the events in question necessarily occurred on November 3, 2022, given that Plaintiff's Complaint was filed on September 25, 2023. (*See generally* ECF No. 1; *see also* Mem. at 2 n.1.)

chair" and had a nurse draw her blood, (*see id.* at 6), which ultimately tested negative. (*See id.* at 8.)  Finally, Defendant "unlawfully confiscated [her] drivers license." (*See id.* at 6.)

The following day, Plaintiff's hands were "bruised purple and black and so swollen." (*See id.* at 5–6.)  Her hands and arms were "so bruised blue and black that she could barely stand up let alone . . . walk." (*See id.* at 6.)  Plaintiff's "middle and upper back were also severely bruised" during the encounter. (*See id.*)  As a result of "mental and psychological traumas," (*see id.*), Plaintiff "has fallen into a grave depressive and heavily anxious state." (*See id.* at 7.)  She also has been unable to work following the confiscation of her driver's license, causing her and her daughter "to pass days and nights without many of the basic meals that human beings require in order to have proper nourishment." (*See id.*)

Plaintiff, proceeding without counsel, initiated this action on September 25, 2023, alleging under 42 U.S.C. § 1983 that Defendant had violated her "Constitutional [r]ights[] to be free from unreasonable searches and seizures (4th [A]mendment), . . . to be free from cruel and unusual punishment (8th [A]mendment)[,] and . . . of due process under law (14th [A]mendment)." (*See* Compl. at 4; *see also id.* at 8.)  She seeks compensatory damages in the amount of $593,000; punitive damages in the amount of $800,546; Defendant's resignation; and a public acknowledgment and apology from the San Diego Police Department. (*See id.* at 2.)

Defendant filed the instant Motion on December 26, 2023. (*See generally* ECF No. 7.)  At Plaintiff's request, (*see* Opp'n at 2), the Court vacated the hearing on Defendant's Motion and took the matter under submission on the papers. (*See* ECF No. 12.)

**ANALYSIS**

Through the instant Motion, Defendant attacks Plaintiff's Complaint on several grounds, (*see generally* Mot.; Mem.), which the Court addresses in turn.

**I.   Federal Rule of Civil Procedure 11(a)**

As an initial matter, Defendant contends that Plaintiff fails to comply with Rule 11(a) because pages four through seven of her Complaint are unsigned. (*See* Mem. at 4.)  Plaintiff's Complaint consists of three pieces: (1) a verified complaint on pages 1 through

3, (2) an unsigned factual statement on pages 4 through 7, and (3) a declaration signed under penalty of perjury on pages 8 through 9. (*See generally* ECF No. 1.) In light of the signatures on pages 3 and 9 of Plaintiff's Complaint and Defendant's failure to identify any authorities that Plaintiff's separate factual statement requires a separate signature, (*see generally* Mem. at 4), the Court **DENIES** Defendant's request for dismissal under Rule 11(a).

## II.    Federal Rule of Civil Procedure 12(b)(6)

### A.    *Legal Standard*

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* at 1242 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 677–78 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight*

4

*Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).  "A district court does not err in denying leave to amend where the amendment would be futile." *Id.* (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991)).

### B.    Discussion

"Section 1983 provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *McDonald v. Cnty. of Sonoma*, 506 F. Supp. 3d 969, 978 (N.D. Cal. 2020) (internal quotation marks omitted) (quoting *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)).  "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 393–94 (1989)).  "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a person violated a right secured by the Constitution or laws of the United States and (2) that said person acted under the color of state law when they committed the alleged violation." *Id.* (citing *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987)).

Plaintiff alleges that Defendant violated her "Constitutional Rights[] to be free from unreasonable searches and seizures (4th amendment), right to be free from cruel and unusual punishment (8th amendment) and . . . her right of due process under law (14th amendment)." (*See* Compl. at 4.)  Defendant seeks dismissal of each of these causes of action. (*See* Mem. at 5–8.)

#### 1.    Fourth Amendment

Defendant seeks dismissal of Plaintiff's claims under the Fourth Amendment to the extent they are predicated on unlawful detention and arrest without probable cause, (*see* Mem. at 5–6), and excessive force. (*See id.* at 6.)

##### a.    Unreasonable Seizure

"[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a crime has been or is being committed."

23-CV-1759 TWR (KSC)

*McDonald*, 506 F. Supp. 3d at 979 (alteration in original) (quoting *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)).  "It is well established that an arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under § 1983." *Id.* (internal quotation marks omitted) (quoting *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1076 (9th Cir. 2011)).  "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Id.* (quoting *Rosenbaum*, 663 F.3d at 1076).  "An officer who observes criminal conduct may arrest the offender without a warrant, even if the pertinent offense carries only a minor penalty." *Id.* (quoting *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1094 (2006)).

Plaintiff alleges that she was arrested without probable cause.  (*See* Compl at 5.) Although Defendant introduces evidence to the contrary, (*see* Mem. at 11–12 ("Ex. A")), Plaintiff alleges that she informed Defendant that she was not under the influence of drugs or alcohol and that she passed the field sobriety tests Defendant administered.  (*See* Compl. at 4–5.)  Nonetheless, Defendant handcuffed and arrested Plaintiff and transported her to the police station for a blood test, (*see id.* at 5–6), which also "tested negative."  (*See id.* at 8.)  Defendant contends that "Plaintiff does admit that she was involved in a traffic accident at the time of her arrest, which justifies Defendant's detention of Plaintiff," (*see* Mem. at 6 (citing Compl. at 4)), but cites no authority to support probable cause to arrest Plaintiff and subject her to a blood test under the circumstances as alleged by Plaintiff.  (*See generally id.* at 5–6.)  The Court therefore **DENIES** Defendant's Motion to dismiss Plaintiff's cause of action for unlawful detention in violation of her Fourth Amendment rights under Section 1983.

### b.   Excessive Force

"[A] constitutional complaint of excessive force arises under the Fourth Amendment and constitutes a claim concerning the overall reasonableness of a seizure." *McDonald*, 506 F. Supp. 3d at 980 (alteration in original) (quoting *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1025 (9th Cir. 2015)).  "[T]here are no per se rules in the Fourth

Amendment excessive force context; rather, courts must still slosh [their] way through the factbound morass of reasonableness." *Id.* (alterations in original and internal quotation marks omitted) (quoting *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (en banc) (quoting *Scott v. Harris*, 550 U.S. 372, 383 (2007))). "To assess the 'reasonableness' of a law enforcement officer's conduct, courts first consider the 'nature and quality of the alleged intrusion,' then turn to the governmental interests at stake: '(1) how severe the crime at issue is, (2) whether the suspect posed an immediate threat to the safety of the officers or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight.'" *Id.* at 980–81 (quoting *Mattos*, 661 F.3d at 441).

Defendant contends that Plaintiff fails to state a claim for excessive force under the Fourth Amendment because her allegations are "conclusory" and she "does not recite the elements of the cause of action."[3] (*See* Mem. at 6–7.) But "[a] plaintiff need not plead facts specifically addressed to each element of its legal theories," *Nichols v. Smart Document Sols. LLC*, No. SACV080569DOCPJWX, 2008 WL 11339982, at *2 (C.D. Cal. July 7, 2008) (citing *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)), and, far from being conclusory, Plaintiff alleges Defendant "forcefully grab[bed] her," "obstruct[ed] her airways," and handcuffed her so tightly that "her hands were bruised purple and black and so swollen by the next day." (*See* Compl. at 5–6.) She further alleges that "her middle and upper back were also severely bruised" and that "she could barely stand up let alone . . . able to walk." (*See id.* at 6.) Weighing this force against the severity of the crime at issue as alleged by Plaintiff (a minor traffic accident, (*see id.* at 4)), and the apparent lack of threat posed by a seemingly compliant subject, the Court concludes that Plaintiff plausibly alleges that the force used was unreasonable. *See, e.g.*, *McDonald*, 506 F. Supp. 3d at 981

---

[3] Defendant also argues that Plaintiff's allegations of excessive force are "only made in the portion of Plaintiff's original complaint that is not signed and appears not to have been written by Plaintiff." (*See* Mem. at 6.) Defendant offers no factual support for his speculation that somebody else authored pages four through seven of Plaintiff's Complaint, (*see generally id.*), and, for the reasons discussed above, *see supra* Section I, the Court does not find persuasive Defendant's argument that the allegations on those pages must be disregarded because Plaintiff's signature was omitted from page seven.

23-CV-1759 TWR (KSC)

(denying motion to dismiss excessive force claim where plaintiff alleged he was compliant but officer slammed him against pavement during arrest for public intoxication).  The Court therefore **DENIES** Defendant's Motion to dismiss Plaintiff's Fourth Amendment claim for excessive force.

### 2.    Eighth Amendment

Plaintiff alleges that Defendant's actions violated her constitutional right to be free from cruel and unusual punishment under the Eighth Amendment.  (*See* Compl. at 4.) Defendant contends that Plaintiff's Eighth Amendment claim must be dismissed because "[t]he Eighth Amendment's bar to cruel and unusual punishment applies only to defendants that have been convicted of a crime."  (*See* Mem. at 7 (citing *Ingraham v. Wright*, 430 U.S. 651, 663–64 (1977)).)  Defendant is correct—because Plaintiff does not allege that she was convicted of a crime, she has not stated a claim under the Eighth Amendment.  The Court therefore **GRANTS** Defendant's Motion and **DISMISSES** Plaintiff's cause of action for violation of her Eighth Amendment rights.  Because the Court cannot yet conclude that Plaintiff cannot allege further facts consistent with the Complaint that she was convicted of a crime, the dismissal of Plaintiff's Eighth Amendment claim is **WITHOUT PREJUDICE**.

### 3.    Fourteenth Amendment

Finally, Plaintiff alleges that Defendant violated her right to due process under the law in violation of the Fourteenth Amendment.  (*See* Compl. at 4.)  Defendant, assuming that this claim also relates to Plaintiff's allegations of excessive force, argues that it is "subsumed under her Fourth Amendment claims" and therefore must be dismissed.  (*See* Mem. at 8.)  Construing Plaintiff's Complaint in her favor, however, the Court reads Plaintiff's Fourteenth Amendment claim as relating to Defendant's alleged confiscation of her driver's license.  *See, e.g.*, *Burkhart v. Dep't of Motor Vehicles*, 124 Cal. App. 3d 99, 107 (1981) ("[T]he [United States Supreme Court] has held that the Due Process Clause of the Fourteenth Amendment applies to a state's suspension or revocation of a driver's license.").

Plaintiff alleges that Defendant confiscated her driver's license on the grounds that she "refused [a] chemical test," despite the fact that she was subjected to a blood test and tested negative for any substances. (*See* Compl. at 7–8.) Plaintiff therefore appears to allege that her license was revoked in contravention of California's statutory scheme. *See* Cal. Vehicle Code §§ 13100–13559. Given Defendant's failure to address these allegations, the Court **DENIES** Defendant's Motion to the extent it seeks dismissal of Plaintiff's cause of action for violation of her due process rights under the Fourteenth Amendment.

## III.   Federal Rule of Civil Procedure 12(e)

Alternatively, Defendant requests that the Court order Plaintiff to file a more definite statement under Rule 12(e), (*see* Mem. at 8), pursuant to which "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." In light of Defendant's filing of the instant Motion, the Court necessarily denies Defendant's alternative request under Rule 12(e). *See* Fed. R. Civ. P. 12(e) ("The motion must be made *before filing a responsive pleading*." (emphasis added)); *see also Hubbs v. Cnty. of San Bernardino*, 538 F. Supp. 2d 1254, 1262 (C.D. Cal. 2008) (denying Rule 12(e) motion because Rule 12(b)(6) motion "amply demonstrate[s] that [defendants] do understand the issues presented by the First Amended Complaint" (alterations in original) (quoting *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1462 (C.D. Cal. 1996), *abrogated in part on other grounds by Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 975–76 (9th Cir. 2010))).

## ADMONITION

Although lawsuits are often based on disputed facts, the Court notes that many of the facts alleged in Plaintiff's Complaint—which the Court must accept as true at the pleading stage—appear to be contradicted by evidence Defendant claims is in his possession, including his body-worn camera footage and sworn Affidavit in Support of Blood Draw Search Warrant. (*Compare* Compl., *with* Mem. at 2–4 & Ex. A.) Because

Plaintiff is unrepresented, the Court takes this opportunity to remind the Parties of their obligations of candor to the Court and the gravity of signing legal filings.

Under Federal Rule of Civil Procedure 11, "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, . . . the factual contentions have evidentiary support."  Fed R. Civ. P. 11(b)(3).  Failure to comply with Rule 11(b) may result in the imposition of sanctions, *see* Fed. R. Civ. P. 11(c), "includ[ing] nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."  *See* Fed. R. Civ. P. 11(c)(4).  Further, the decision to submit a filing under penalty of perjury should not be taken lightly, as the filing of a false affidavit may expose the affiant to criminal liability.  *See* 18 U.S.C. § 1621(2) ("Whoever . . . in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true[,] is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both.").

## CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 7).  Specifically, the Court **GRANTS** Defendant's Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's cause of action for violation of her right against cruel and unusual punishment under the Eighth Amendment.  Defendant's Motion is otherwise **DENIED**.  Because dismissal of Plaintiff's cause of action under the Eighth Amendment is without prejudice, Plaintiff **SHALL FILE** on or before April 30, 2024, *either* a notice that she is proceeding on her surviving Fourth and Fourteenth Amendment causes of action *or* an amended complaint

/ / /

/ / /

1  remedying the deficiencies identified in this Order.  Defendant **SHALL RESPOND** to

2  Plaintiff's operative complaint <u>on or before May 17, 2024</u>.

3          **IT IS SO ORDERED.**

4  Dated:  April 2, 2024

5                                          _____
                                           Honorable Todd W. Robinson
6                                          United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28